IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01872-BNB

VITO JOSEPH KERSHAW,

    Plaintiff,

v.

J. GRAYSON ROBINSON, Sheriff,
COUNTY OF ARAPAHOE, and
STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 15 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Vito Joseph Kershaw is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Kershaw has filed *pro se* a Prisoner Complaint asserting claims pursuant to 42 U.S.C. § 1983. He seeks damages and injunctive relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Kershaw is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1) and (2), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the

Court will dismiss Mr. Kershaw's claim against Arapahoe County as legally frivolous pursuant to § 1915A(b)(1). The Court will dismiss Mr. Kershaw's claim against the State of Colorado pursuant to § 1915A(b)(2).

The Court must construe the complaint liberally because Mr. Kershaw is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Kershaw alleges that he was assaulted by another inmate on May 26, 2009, while he was housed in the protective custody cellblock at the Arapahoe County Detention Facility. He further alleges that the inmate who assaulted him used a weapon made from the metal clip on his identification badge. Mr. Kershaw asserts that he suffered four broken bones in his face, permanent scarring, and permanent loss of vision in his left eye. The named Defendants are Arapahoe County Sheriff J. Grayson Robinson, Arapahoe County, and the State of Colorado. Mr. Kershaw contends that Sheriff Robinson is responsible for issuing identification badges with metal clips that can be used to make a weapon. Mr. Kershaw is suing Arapahoe County because Arapahoe County allegedly has supervision over Sheriff Robinson and is responsible for incidents that occur within the Arapahoe County Detention Facility. Mr. Kershaw is

suing the State of Colorado because the State of Colorado allegedly has ultimate authority over Arapahoe County.

Mr. Kershaw's claim against Arapahoe County is legally frivolous and will be dismissed. First, Mr. Kershaw improperly names Arapahoe County as a Defendant. Colorado Revised Statutes § 30-11-105 provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be, 'The board of county commissioners of the county of .........'" "'This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained.'" *Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005) (quoting *Calahan v. Jefferson County*, 163 Colo. 212, 429 P.2d 301, 302 (1967)).

More importantly, Mr. Kershaw fails to identify any official Arapahoe County policy or custom that allegedly caused him injury.

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Under Colorado law, "the [county] commissioners and the sheriff are separately elected officials." *Terry v. Sullivan*, 58 P.3d 1098, 1102 (Colo. Ct. App. 2002). Although the board of county commissioners has a duty "at least once annually, to make personal examination of the jail of its county, its sufficiency, and the management thereof and to correct all irregularities and improprieties therein found," *see* Colo. Rev. Stat. § 17-26-126, that

statute "does not impose a legal duty on the Board to ensure an inmate's safety against assaults from other inmates," *Terry*, 58 P.3d at 1102. Simply put, "the Board [of county commissioners] does not exercise managerial control over either the sheriff or the detention center and its staff." *Id.*; *see also Frazier v. Jordan*, No. 06-1333, 2007 WL 60883 at *6 (10th Cir. Jan. 10, 2007).

As noted above, Mr. Kershaw seeks to hold Arapahoe County liable because the county allegedly supervises Sheriff Robinson. Mr. Kershaw does not identify any official county policy or custom that allegedly caused his injury and his contention that the county has supervisory authority over Sheriff Robinson is incorrect as a matter of state law. Therefore, Mr. Kershaw's claim against Arapahoe County is legally frivolous and will be dismissed pursuant to § 1915A(b)(1).

Mr. Kershaw also may not sue the State of Colorado in this action because the State of Colorado is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). As a result, the State of Colorado is immune from suit unless it has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). For the state and its agencies, Eleventh Amendment immunity extends to suits for damages and injunctive relief. *See id.* at 1196.

The State of Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment

immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the State of Colorado is entitled to Eleventh Amendment immunity and will be dismissed as a party to this action pursuant to § 1915A(b)(2).

The Court will not address at this time the merits of Mr. Kershaw's claim against Sheriff Robinson. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendant Arapahoe County is dismissed as a party to this action pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendant State of Colorado is dismissed as a party to this action pursuant to 28 U.S.C. § 1915A(b)(2). It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 14 day of Sept, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01872-BNB

Vito Joseph Kershaw
Prisoner No. 20080011265/138630
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/15/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk