IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01872-WYD-CBS

VITO JOSEPH KERSHAW,
        Plaintiff,

v.

J. GRAYSON ROBINSON, Sheriff,[1]
        Defendant.

_____

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on: (1) Plaintiff Mr. Kershaw's letter

requesting "a copy of my own original complaint . . . (doc. # 14) (docketed by the Clerk

of the Court as "Motion for Order of Copy of Complaint . . . ;" (2) Mr. Kershaw's "Motion

to Add A.C. Board of Commission to Complaint [sic]" (doc. # 15); and (3) Mr. Kershaw's

"Motion for Discovery" (doc. # 16) (all filed on October 7, 2009).  Pursuant to the Order

of Reference dated September 18, 2009 (doc. # 12) and the memorandum dated

October 8, 2009 (doc. # 18), these matters were referred to the Magistrate Judge.  The

court has reviewed the matters, the entire case file, and the applicable law and is

sufficiently advised in the premises.

        First, the court will request the Clerk of the Court to mail Mr. Kershaw copies of

the Complaint (doc. # 3) and the court's "Order to Dismiss in Part and to Draw Case to a

_____

[1]        Defendants County of Arapahoe and State of Colorado were dismissed on
September 15, 2009.  (See "Order to Dismiss in Part and to Draw Case to a District
Judge and to a Magistrate Judge" (doc. # 10)).

1

District Judge and to a Magistrate Judge" (doc. # 10).

Second, Mr. Kershaw seeks discovery "to prove everything in my complaint." (*See* doc. # 16).  To the extent that Mr. Kershaw seeks the caselaw listed in his Motion, caselaw is not the proper subject of discovery.  To the extent that Mr. Kershaw seeks documents and photographs, his request for discovery is premature because a preliminary scheduling conference has not yet been held and his "Motion to Add A.C. Board of Commission to Complaint [sic]" has yet to be decided.

Third,  Mr. Kershaw seeks to add the "Arapahoe County Board of Commissioners" as a Defendant in the case. (*See* doc. # 15).  While a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ," Fed. R. Civ. P. 15(a), the court may deny a motion to amend a complaint where an amendment obviously would be futile.  *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted).  *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted);  *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted);

Mr. Kershaw, an inmate at the Arapahoe County Detention Facility ("ACDF"), filed *pro se* the Complaint alleging he was assaulted by another inmate on May 26, 2009, while he was housed in the protective custody cellblock at that facility.  On September 15, 2009, Defendant County of Arapahoe was dismissed from this action.

(*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (doc. # 10)).  Defendant Robinson, the Sheriff of Arapahoe County, remains a Defendant in the case.  (*See* doc. # 10).

Under the Colorado Constitution and applicable statutes, the County Sheriff is treated as a public entity having certain powers and responsibilities.  *Tunget v. Board of County Commissioners of Delta County*, 992 P.2d 650, 651-52 (Colo. App. 1999) (citing Colo. Const. art XIV, § 8.5).  Statutory provisions enumerate the specific responsibilities and powers of a County Sheriff.  *Tunget*, 992 P.2d at 652 (citations omitted).  The Sheriff has the right of control over the deputy sheriffs and may be held liable for their actions.  *Seeley v. Board of County Commissioners*, 791 P.2d 696 (Colo. 1990) (citing Colo. Rev. Stat. § 30-10-506).  "[T]he sheriff shall have charge and custody of the jails of the county, and of the prisoners in the jails, and shall supervise them himself or herself or through a deputy or jailer."  Colo. Rev. Stat. § 30-10-511.  The Sheriff of Arapahoe County, not the Board of County Commissioners, is in charge of ACDF.  *See* Colo. Rev. Stat. § 30-10-511.  The Board of County Commissioners has certain enumerated powers and operation of the jail is not one of them.  *See* Colo. Rev. Stat. § 30-11-107.[2]  Mr. Kershaw's claims are already brought against Defendant Robinson in his official capacity as Sheriff.  The court will thus recommend that Mr. Kershaw's "Motion to Add A.C. Board of Commission to Complaint [sic]" (doc. # 15) be denied as

---

[2]      Pursuant to Colo. Rev. Stat. § 30-11-105 (2001), all suits or proceedings against Arapahoe County must name the Board of County Commissioners of the County of Arapahoe.  However, Defendant County of Arapahoe was dismissed on September 15, 2009.  (*See* doc. # 10).

unnecessary and futile.[3]


Accordingly,  IT IS ORDERED that:

1.      Mr. Kershaw's letter requesting "a copy of my own original complaint . . .

(doc. # 14) (filed October 7, 2009) (docketed by the Clerk of the Court as "Motion for

Order of Copy of Complaint . . .") is GRANTED.  The Clerk of the Court shall mail Mr.

Kershaw copies of the Complaint (doc. # 3) and the court's "Order to Dismiss in Part

and to Draw Case to a District Judge and to a Magistrate Judge" (doc. # 10).

2.      Mr. Kershaw's "Motion for Discovery" (doc. # 16) (filed October 7, 2009) is

DENIED as premature.


Further, IT IS RECOMMENDED that Mr. Kershaw's "Motion to Add A.C. Board of

Commission to Complaint [sic]" (doc. # 15) (filed October 7, 2009) be DENIED as

unnecessary and futile.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

---

[3]      *See Cuenca v. University of Kansas*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002) (Magistrate Judge's decision denying leave to add a party on futility grounds treated as a dispositive decision subject to de novo review).

4

(10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 14th day of October, 2009.

BY THE COURT:

 s/ Craig B. Shaffer
United States Magistrate Judge