IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01872-WYD-CBS

VITO JOSEPH KERSHAW,

  Plaintiff,

v.

J. GRAYSON ROBINSON, Sheriff,

  Defendant.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Plaintiff's "Motion to Add A.C. Board of Commission to Complaint [sic]". This matter was referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated September 18, 2009, and Memorandum dated October 8, 2009.

An Order and Recommendation of United States Magistrate Judge was issued on October 14, 2009. Judge Shaffer recommended therein that Plaintiff's "Motion to Add A.C. Board of Commission to Complaint", which he construed as a motion to amend the complaint to add the Arapahoe County Board of Commissioners as a defendant to the case, be denied as unnecessary and futile. On October 22, 2009, Plaintiff filed a timely Objection.

I first address the standard of review of the Recommendation. While the issue is somewhat unsettled, I note that many courts have reviewed a recommendation to deny

a motion to amend the complaint on the basis of futility as a dispositive ruling since it precludes the filing of certain claims. *See Hahn v. Star Bank*, 190 F.3d 708, 715-16 (6th Cir. 1999); *Nomura Securities Intern., Inc. v. E*Trade Securities, Inc.*, 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003)*; McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2003 WL 158704 at *1 (D. Kan. 2003). While there are some cases to the contrary, I believe this is the better reasoned view as the Tenth Circuit has indicated that "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews *de novo*." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Accordingly, I review the Recommendation in this case on a de novo basis.

Plaintiff objects to the Recommendation, asserting that he is told that the Arapahoe County Board of County Commissioners ["Board"] makes some policy at the Arapahoe County Detention Facility ["ACDF"] where he is incarcerated and that he does not understand why he cannot add the Board as a party. Magistrate Judge Shaffer's Recommendation makes clear, however, why the Board is not a proper Defendant. He explains that the County Sheriff, not the Board, is in charge of ACDF and that Plaintiff's claims are already brought against Defendant Robinson in his official capacity as Sheriff. (Order and Recommendation at 3). As such, I agree with Magistrate Judge Shaffer that the proposed amendment by Plaintiff to add the Board as a Defendant would be unnecessary and/or futile. Plaintiff has failed to show that this analysis is incorrect or erroneous.

Accordingly, it is

ORDERED that the Order and Recommendation of United States Magistrate Judge (doc. # 19, 20) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's "Motion to Add A.C. Board of Commission to Complaint [sic]" (doc. # 15) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Objection to the Recommendation (doc. # 26) is **OVERRULED**.

Dated: April 30, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge