IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01872-WYD-CBS

VITO JOSEPH KERSHAW,

    Plaintiff,

v.

J. GRAYSON ROBINSON, Sheriff,

    Defendant.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

    This matter is before the Court on Defendant Robinson's Motion for Summary Judgment filed July 12, 2010 (ECF No. 60) and the Motion for Summary Judgment in favor of Plaintiff filed August 4, 2010 (ECF No. 72).  These motions were referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated September 18, 2009, and Memoranda of July 12, 2010 and August 5, 2010.

    An Order and Recommendation of United States Magistrate Judge was issued on October 12, 2010.  The Recommendation noted that the only claim left in the case is a single claim for relief against Defendant Robinson pursuant to 42 U.S.C. § 1983 for "willfulness, or of recklessness, or of negligence . . . ."  (Order and Recommendation at 2, ECF No. 83) (quoting Compl. at 6 of 12, ECF No. 3).  Plaintiff asserts as to this claim that his rights under the Constitution of the United States of America were violated.  The facts underlying the Complaint arise out of an assault that occurred in the Arapahoe

County Detention Facility ["ACDF"] on May 26, 2009, wherein Plaintiff was assaulted by another inmate and allegedly suffered serious injury to his left eye. (*Id.*).

After reviewing the Complaint and the factual allegations therein, Magistrate Judge Shaffer recommended that Defendant Robinson's Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied.  As to claims against Robinson in his official capacity, the Recommendation found that summary judgment in favor of Robinson was appropriate because:

> Mr. Kershaw's allegations and evidence do not support a claim that Defendant Robinson had any direct involvement in, personal participation in, or supervisory liability for the alleged violation of Mr. Kershaw's constitutional rights.  Mr. Kershaw has not adequately alleged or demonstrated 'an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. . . . Mr. Kershaw's failure to allege or demonstrate the requisite personal participation leaves no basis for holding Defendant Robinson individually liable under § 1983.

(Order and Recommendation at 7-8.)

Magistrate Judge Shaffer also found that even if Plaintiff had adequately alleged and demonstrated personal participation by Defendant Robinson, he did not state or demonstrate a constitutional claim against Robinson. (Order and Recommendation at 8.)  He stated that Plaintiff's claim is properly addressed as an Eighth Amendment failure to protect claim, "essentially a cruel and unusual punishment claim."  (*Id.*)  As to the objective component of the Eighth Amendment test, the Recommendation found that Plaintiff "fails to allege or show that he was incarcerated under conditions posing a substantial risk of serious harm", including the failure to show that the inmate who assaulted him posed any specific threat to him or another inmate.  (*Id.* at 10-11.)  As to

the subjective component, the Recommendation found that the "Complaint contains no allegation and the record contains no evidence that . . . Robinson was deliberately indifferent to a substantial risk that harm would befall Mr. Kershaw. Mr. Kershaw's own allegations indicate that 'no deputy knew anything until I pushed the intercom, and said I needed medical attention.'" (*Id.* 11.)

On October 27, 2010, Plaintiff filed an Objection to the Recommendation. The Objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Under this standard, a court "'should make an independent determination of the issues'...; [it] 'is not to give any special weight to the [prior] determination'...." *Ocelot Oil Co. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967) (internal quotation marks omitted)). A response to the Objection was filed by Defendant Robinson on November 12, 2010.

Plaintiff's Objection asserts that he did not sue Robinson because of his supervisory position; he sued Robinson under the Eighth Amendment because of his "policies, customs and gross decisions with deliberate indifference which caused me to be Blind forever and get two major operations to fix four broken facial bones." (Objection at 1.) Plaintiff refers to Robinson's signature in the inmate rule book. (*Id.* at 2.) Plaintiff also asserts that he knows next to nothing about federal law and that a jury should decide his claims. (*Id.*) I find that Plaintiff's arguments must be rejected.

First, Plaintiff's Objections do not address or specifically dispute Magistrate Judge Shaffer's findings that Plaintiff failed to allege personal participation in the actual incident by Robinson. To the extent he asserts there were "gross decisions" by Robinson which led to Plaintiff's injuries, Plaintiff fails to identify any actual decisions that implicate Robinson's personal participation. Further, he fails to demonstrate supervisory liability through "the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates" (Order and Recommendation at 8), and states he is not asserting such a claim. Plaintiff also does not allege any error in the Magistrate Judge's recommendation that qualified immunity be granted to Robinson.

Plaintiff argues, however, that Robinson is liable due to "policies" and "customs" he instituted which led to Plaintiff's injuries. The Tenth Circuit recently held that "§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights . . . secured by the Constitution . . . .'" *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (quotations omitted).

Thus, "'the establishment or utilization of an unconstitutional policy or custom can serve as the supervisor's affirmative link to the constitutional violation.. . .[W]here an official with policymaking authority creates, actively endorses, or implements a policy which is constitutionally infirm, that official may face personal liability for the violations which result from the policy's application.'" *Dodds*, 614 F.3d at 1199 (quoting *Davis v.*

*City of Aurora*, 705 F. Supp. 2d 1243, 1263-64 (D. Colo. 2010) (internal quotation marks omitted)).  For a plaintiff to succeed under such a theory against a supervisor, he must demonstrate: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.*

In the case at hand, Plaintiff's Objections point only to the fact that Robinson signed an inmate rule book.  In his summary judgment motion, Plaintiff pointed out that this book says the sheriff is responsible for the care and custody of the inmates held in the facility.  The book also allegedly stated that vulnerable inmates should not be housed with inmates known to possess weapons, but that Sheriff Robinson's personal custom is to give metal I.D. clips to all inmates on arrival at this facility.  (ECF No. 69 at 5.)  Plaintiff further asserts that this metal clip was used in the assault and is what injured him, and that Robinson is thus directly responsible for his injuries.  (*Id.*)  I overrule the Objection, as I find that Plaintiff has not raised any genuine issues of material fact with respect to the Magistrate Judge's finding and recommendations.

More specifically, I find that while Robinson may have signed the rule book, there is no evidence that he actually promulgated the policies in that book.  There is also no evidence that Robinson was the one who implemented the alleged custom of giving inmates metal I.D. clips to inmates.  Even if he was the person who implemented this custom, there is no evidence that the metal I.D. clips were a weapon or otherwise violated any of the policies in the inmate rule book, as alleged by Plaintiff.  Further,

there is no evidence that this alleged custom is in any way unconstitutional. As noted by Magistrate Judge Shaffer, "'[W]here the policy relied upon is not itself unconstitutional, considerably more proof than a single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the policy and the constitutional deprivation.'" (Order and Recommendation at 15) (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985) (internal quotation marks omitted)). There is also no evidence that Defendant Robinson acted with the state of mind required to establish the alleged constitutional deprivation. Finally and fundamentally, as noted in the Recommendation, because the Court has determined that Plaintiff fails to state a claim that his constitutional rights were violated, he cannot show that any policy or custom of Defendant Robinson caused such a violation. (*Id.* at 16).

As to Plaintiff's argument that he was denied counsel and knows little about federal law, I also overrule this portion of the Objection. First, there is nothing in Plaintiff's or Defendant Robinson's motions for summary judgment relating to the denial of counsel. Plaintiff's Motion for Appointment of Counsel (ECF No. 44) was denied by Magistrate Judge Shaffer on March 31, 2010. (ECF No. 46). Objections to this ruling needed to be made at that time, and Plaintiff may not seek review of that Order in connection with the Recommendation at issue involving the summary judgment motions.

As to Plaintiff's alleged lack of knowledge of the law, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  While a plaintiff's *pro se* complaint is to be read broadly, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

Based on the foregoing, I find that Plaintiff's Objections should be overruled and the Recommendation adopted.  Accordingly, it is

ORDERED that the Order and Recommendation of United States Magistrate Judge (ECF No. 83) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Motion for Summary Judgment in favor of Plaintiff filed August 4, 2010 (ECF No. 72) is **DENIED**.  It is

FURTHER ORDERED that Defendant Robinson's Motion for Summary Judgment filed July 12, 2010 (ECF No. 60) is **GRANTED**.  The Clerk of Court shall enter judgment in favor of Robinson and against Plaintiff on the only remaining claim in this case.  The case shall thereafter be terminated.  Finally, it is

ORDERED that Plaintiff's Objection to the Recommendation (ECF No. 84) is **OVERRULED**.

Dated:  January 20, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge